UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL MASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00279-JRS-MJD |
| | ) | |
| LAMMER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Michael Mason, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction for aiding and abetting carrying a firearm during and in relation to a drug trafficking crime. For the reasons that follow, Mr. Mason's petition must be denied.

**I. Factual and Procedural Background**

Mr. Mason was convicted in the Northern District of Indiana of several offenses stemming from a conspiracy to distribute crack cocaine. *United States v. Frazier*, 213 F.3d 409, 411 (7th Cir. 2000). These convictions included a conviction under 18 U.S.C. § 924(c) for carrying a silencer-equipped gun during and in relation to a drug trafficking crime. *United States v. Mason*, 2:97-cr-88-JTM-APR-1 ("Cr. Dkt.") dkt. 911. The court imposed a life sentence on Counts 1, 5, and 13; 480 months on Counts 4 and 6 (all concurrent) and a consecutive 30-year sentence on Count 11 for carrying a silencer equipped gun "during and in relation to" the drug conspiracy. *Frazier*, 213 F.3d at 412.

Mr. Mason appealed, and the Seventh Circuit affirmed. *Id.* at 419. Mr. Mason argued on appeal, among other things, that the evidence was not sufficient to support his conviction for carrying a firearm equipped with a silencer during the drug trafficking crime. *Id.* at 416. Rejecting this argument, the Seventh Circuit explained:

> The evidence at trial sufficiently established that a firearm was carried in furtherance of the drug conspiracy and in fact was an integral part of the conspiracy. Mason bragged to Hemphill about having the .22 caliber pistol with silencer. He offered it to John Allen's brother on the condition that it be returned. The pistol was passed among members of the organizations and used in retaliation against a person who had attacked one of the coconspirators. Frazier hit Little Vic with a firearm because of a drug debt. Moreover, the specific charge was directly related to the conspiracy and possession with intent to distribute cocaine. The evidence presented showed that Torrence, at the direction of the other coconspirators, held the firearm and a quantity of cocaine together. For these reasons, the district court properly found that sufficient evidence existed to support Mason and Walker's convictions for carrying a weapon during the commission of a crime.

*Id.*

Mr. Mason then sought relief under 28 U.S.C. § 2255, and that motion was denied. Cr. Dkt. 596. Mr. Mason now seeks relief from his conviction under § 2241.

**III. Discussion**

In this § 2241 petition, Mr. Mason challenges his conviction for aiding and abetting carrying a firearm equipped with a silencer during a drug trafficking crime.

**A. Section 2241 Standards**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it

'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

**B. *Rosemond v. United States***

Mr. Mason first argues that his conviction for aiding and abetting the carrying of a firearm equipped with a silencer is invalid in light of *Rosemond v. United States*, 572 U.S. 65 (2014). The Supreme Court held in *Rosemond* that to be convicted of aiding and abetting a violation of § 924(c), the defendant must have advance knowledge of his accomplice's intent to carry the firearm. 572 U.S. at 78.

The United States argues that Mr. Mason's *Rosemond* claim is not cognizable under § 2241 because it does not meet all of the *Davenport* requirements. While agreeing that this claim meets the first requirement of the *Davenport* test because *Rosemond* is a case of statutory construction, *see Montana*, 829 F.3d at 783-84, the United States argues that Mr. Mason's claim does not satisfy the second *Davenport* element because the argument raised in *Rosemond* was available to Mr. Mason at the time of his § 2255 motion. "*Davenport's* second condition has two components: retroactivity and prior unavailability of the challenge." *Id.* at 783. While *Rosemond*'s holding is retroactive, the Seventh Circuit has held that this argument was available before the Supreme Court decided *Rosemond*.[3] *Id.* Because Mr. Mason could have made this argument previously, it was available and does not satisfy the second *Davenport* element.

---

[2] The United States argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

[3] The Seventh Circuit has recently stated that it has not been consistent in its articulation of the requirement that the new rule be previously unavailable. *Chazen v. Marske*, 938 F.3d 851, 861 (7th. Cir. 2019). But because it specifically held in *Montana* that the challenge Mr. Mason raises here could have been brought before *Rosemond*, this Court applies the same reasoning here.

**C. *Pinkerton v. United States***

Mr. Mason also argues that his § 924(c) conviction is invalid because the jury was not properly instructed on coconspirator liability. The Supreme Court addressed conspirator liability in *Pinkerton v. United States* and held that a coconspirator may be held criminally liable for the foreseeable overt acts of others in furtherance of the conspiracy. 328 U.S. 640, 647 (1946). Applying *Pinkerton*, the Seventh Circuit held in *United States v. Stott* that, for conspirator liability, the jury instructions must require the jury to find beyond a reasonable doubt that the offense was committed by a coconspirator in furtherance of or as a natural consequence of the conspiracy. 245 F.3d 890, 908 (7th Cir. 2001). Mr. Mason analogizes the jury instructions in his case to those in *Stott* and argues that his jury instructions, too, were insufficient.

Mr. Mason has failed to show that relief on this claim is available under § 2241. Again, Mr. Mason has not shown that the arguments made in *Stott* were unavailable to him at the time of his conviction and § 2255 motion. While *Stott* was decided after Mr. Mason's § 2255 motion, the *Stott* court relied on *Pinkerton*, which was decided in 1946, and *United States v. Elizondo*, 920 F.2d 1308, 1316-17 (7th Cir. 1990). Those arguments thus were available to Mr. Mason at the time of his § 2255 motion and therefore § 2255 was not "inadequate or ineffective" to present them. *Roundtree*, 910 F.3d at 313.

**IV. Conclusion**

For the foregoing reasons, Michael Mason is not entitled to habeas corpus relief under 28 U.S.C. § 2241 and his petition is dismissed. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL MASON
05086-027
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov